49 CCPA

### Application of Sidney SCHWARTZ.
### Patent Appeal No. 6760.

United States Court of Customs and Patent Appeals.

Feb. 13, 1962.

---

Barnes, Kisselle, Raisch & Choate, Detroit, Mich., Fisher, Christen & Goodson, Washington, D. C. (Eugene Sabol, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, MARTIN, and SMITH, JJ., and Judge WILLIAM H. KIRKPATRICK.*

MARTIN, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the examiner's rejection of claims 14, 15 and 16, the only claims remaining in application Serial No. 491,-556, filed March 2, 1955, entitled "Drapery Pleater Hook."

Appellant's pleater device comprises four closely spaced vertical fingers lying in a single plane and joined at their lower ends to provide a unitary structure, a "U-shaped pleat reinforcing member" or clip disposed near the lower end of the fingers, and a rearwardly extending supporting hook joined to the lower end of the fingers.

The pleater is adapted for use with a drapery which has been provided with a downward fold or hem at its upper edge and four equally spaced vertical pockets opening downwardly and formed between the drapery and the fold. In attaching the pleater, the upper edge of the drape is gathered so that the pockets are disposed side by side and the four fingers are inserted into the four pockets. Thereafter the legs of the U-shaped clip are inserted into the pleats between each outer finger and its adjacent inner finger to reinforce the pleats laterally "and pinch them together to improve the appearance thereof."

Claims 15 and 16 are representative:

"15. A drapery pleater including a pair of inner fingers and a pair of outer fingers disposed generally upright when the pleater is in its operative position and connected to their lower ends, the fingers lying in substantially the same plane to positively define in operation three permanent pleats, a supporting hook connected with said fingers at their lower connected ends and extending rearwardly therefrom, and a pleat engaging and supporting member including a pair of pleat reinforcing elements and connected to said pleater adjacent said lower, connected ends for movement in a plane generally normal to the plane of said fingers, said pleat engaging member being movable from a position generally in back of the fingers to a position substantially forward of said fingers and entering the folds of the pleat formed by said fingers.

"16. A device as set forth in Claim 15 wherein said pleat engaging member includes a U-shaped sheet metal clip mounted on the lower portion of said fingers above their connected ends for sliding movement in a plane normal to said fingers.

"The references relied on are:

| Andreou | 2,552,922 | May 15, 1951 |
| Solomon | 2,558,467 | June 26, 1951 |
| Handley | 2,623,582 | Dec. 30, 1952 |
| Handley | 2,623,583 | Dec. 30, 1952 |
| Atkins | 2,638,978 | May 19, 1953." |

The Solomon patent shows a drapery pleating device comprising four vertical fingers lying in a single plane and joined

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28, United States Code.

at their lower ends, substantially as in appellant's pleater, and a supporting hook. The fingers are adapted for insertion into four tunnels or pockets formed in the upper end of a drapery in connection with a hem, thus forming three pleats. However, the Solomon pleater lacks a clip for reinforcing and pinching the pleats thus formed.

The Andreou patent describes a pleating arrangement utilizing a pin, a hook having a flat vertical portion, and a clip. In using that arrangement, the pleats are formed by gathering the drape material by hand and the pin is then extended around the vertical portion of the hook and through the pleats. The clip has two legs which are subsequently inserted into the outermost folds of the pleat "to pinch the pleats together in a manner to hold them substantially in parallel planes projecting perpendicular to the plane of the drape and the hook portion."

The Atkins patent discloses a pleater used with a drapery which has a strip of stiffening material stitched to its upper edge portion. That portion of the drapery is provided with vertically offset and horizontally displaced loops. Pleats are formed by gathering the drapery so as to place the loops in vertical alignment and the single vertical finger of the pleater is inserted through the loops. A clip having two legs is positioned with its inner end about the finger and its legs extending into the outermost folds of the pleats to pinch the pleats.

The Handley patents describe pleaters used with drapes which are reinforced at their upper ends by stiffening material in which creases are formed to facilitate pleating. The pleaters each include a pair of fingers, a supporting hook, and a clip having a pair of legs. Apertures at the outermost pleats of a group receive the fingers while the legs of the clip extend into the outermost folds of the pleats to act as pleat-retaining and spacing members for the lower portion of the pleated section of the drape.

The board sustained the rejection of the appealed claims as unpatentable over the prior art as represented by Solomon, Handley 2,623,582 and 2,623,583, Andreou and Atkins. It took the view that one skilled in the art, upon experiencing difficulty due to sagging of the drape when a four-finger support of the character shown by Solomon was used, would be led to the solution of that problem by the other references.

We do not believe that appellant would contend that the various individual elements claimed are new since obviously the four fingers are disclosed by Solomon, the hook by Solomon, Atkins, Andreou and both Handleys and the clip by Atkins, Andreou and both Handleys. As we understand it, appellant urges patentability for his device because of the combination and coaction of these elements.

At the outset of this discussion we shall lay at rest one contention of appellant which involves several of the references. Appellant argues that these particular references are not significant because they include a stiffened heading in their combinations. Suffice to say, that appellant does not exclude the use of that feature in the claims on appeal.

Furthermore, as an over-all proposition, it seems to us that the combinations set forth by appellant in his claims would be obvious to one skilled in the drapery art with the teachings of these several references before him. In other words, we think it would be obvious for one skilled in this art to modify Solomon's four fingers with the clips of the other references to produce appellant's invention. However, we shall discuss appellant's various contentions.

He argues that it would not be logical to modify Solomon's four fingers with a clip since the inner two fingers of Solomon function as a clip. We disagree with this contention. First, it is obvious from reading the specifications that Solomon did not intend this interpretation of his invention. For example, Solomon states:

"Thereupon, the four fingers of a pleater are worked into the four pockets or tunnels 21 formed by the pairs of stitch lines 20, with the result that at each group of four pockets there is formed a triple or French pleat, as shown in Fig. 6."

Second, the legs of the clips of the references extend into the loops of the pleats which are situated forwardly from the fingers to provide "pinch pleats" and give the pleats lateral support over the entire width of the pleat just as claimed by appellant. Although appellant adds that he positions the clips so as to reinforce the "pleat roots," that feature is not claimed.

Appellant further argues that his use of the clip is distinguishable from that of the references in that their only function in those combinations is to grip tightly the unanchored pleats. However, this contention is inconsistent with the facts. Atkins' pleats, for example, are completely anchored by one finger and she shows a clip for appellant's purpose. Atkins states in her specification:

"In Figure 8, I have shown a pinch clip adapted for use when it is desired to form pleats into pinch pleats such as are commonly made professionally. * * *"

We come now to the limitation of appealed claim 15 which reads:

"* * * said pleat engaging member being movable from a position generally in back of the fingers to a position substantially forward of said fingers and entering the folds of the pleat formed by said fingers."

We find this feature disclosed in both Atkins and Handley—583.

Next we consider the limitation in claim 16:

"* * * said pleat engaging member includes a U-shaped sheet metal clip mounted on the lower portion of said fingers above their connected ends for sliding movement in a plane normal to said fingers."

Andreou, Atkins and Handley—583, all disclose this element.

In conclusion, we find no coaction of the various elements claimed by appellant which would not be obvious to one skilled in this art. Furthermore, we do not believe it would require a substantial reconstruction of the elements of the reference patents to produce the device recited in claims 14, 15 and 16 as appellant contends. Therefore, we *affirm* the decision of the Board of Appeals.

Affirmed.